BYE, Circuit Judge,
concurring in part and dissenting in part.
I join in the Court’s decision in most respects, but with one exception. I believe the erroneous jury instruction on the charge of possessing a firearm in furtherance of a drug crime requires a new trial. I therefore respectfully dissent from Section 11(C) of the Court’s opinion, and from the result.
The Court concludes the erroneous jury instruction did not affect Coleman’s substantial rights without even conducting the appropriate inquiry, i.e., whether Coleman can show there is “a reasonable probability that, but for the error claimed, the result of the proceeding would have been different.” United States v. Rush-Richardson, 574 F.3d 906, 911 (8th Cir.2009) (citation omitted). Instead, the Court focuses on whether the evidence established a nexus between the firearm and the drugs, citing sufficieney-of-the-evidence cases for the unremarkable proposition — inapplicable here^ — -that evidence is sufficient for a jury to find the requisite nexus when a firearm is discovered in close proximity with drugs. But Coleman is not challenging the sufficiency of the evidence. He contends there is a reasonable probability the jury may have acquitted him of the firearm-in-furtherance charge if properly instructed on the charge. The fact that there was sufficient evidence for the jury to convict him is irrelevant; the analysis conducted by the Court is entirely unhelpful, and threatens to add to the confusion in future cases when courts are called upon to perform plain error review.
Notwithstanding the undisputed sufficiency of the evidence to convict Coleman of the firearm-in-furtherance charge, Coleman can show a reasonable probability the result of the proceeding would have been different if the jury had been properly instructed. As the Court acknowledges, Coleman asserted he was not using the Ruger 9 millimeter gun in furtherance of his drug sales. Coleman contends the gun was merely another one of his products, like the drugs, which he was attempting to sell. Direct evidence introduced by the government’s own witness supports Coleman’s assertion.
The government called Eugene Brewer, one of the occupants in the Grand Prix vehicle stopped and searched by the officers, as a witness. Brewer was sitting in the back seat of the vehicle, on the passenger side. Coleman was sitting in the front passenger seat. Brewer testified to the events which occurred in the vehicle prior to the traffic stop. Brewer told the jury when he entered the car, Coleman directed his attention to the map pocket on the back side of Coleman’s seat and told him he had “tools” for sale. “Tools” is a Chicago street term for guns. Inside the map *503 pocket was the Taurus .40 caliber semiautomatic pistol.
Significantly, Brewer specifically referred to plural “tools” for sale, not a singular “tool.” Thus, there was direct evidence introduced by the government indicating Coleman was selling both firearms found in the car, rather than possessing either one of them in furtherance of a drug crime. Armed with this direct evidence as to Coleman selling both firearms, I cannot say with certainty that an able and experienced defense counsel could not have persuaded at least one juror there was reasonable doubt to overcome the mere inference — due to the proximity of the drugs and one of the firearms — that the Ruger handgun was used in furtherance of the drug crime. Indeed, as the Court acknowledges, the jury did not find Coleman guilty of the possession-in-furtherance count with respect to the Taurus .40 caliber pistol also found in the vehicle, despite its relative proximity to the drugs.
Because there is no dispute the jury was erroneously instructed, and the evidence created a close question as to whether Coleman was merely selling both firearms rather than using one of them in furtherance of a drug crime, Coleman’s conviction on the firearm charge should be vacated and this case should be remanded for a new trial on that count.
I therefore must and do respectfully dissent.